IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OLTON LEE DUMAS,

                        Plaintiff,

            v.                                          OPINION and ORDER

ROCK COUNTY MUNICIPALITY, CURT FELL, and                24-cv-542-jdp
WIS. CNTY. MUTUAL INS. CO. INTERVENOR,

                        Defendants.

---

Plaintiff Olton Lee Dumas proceeds without counsel. His complaint's allegations are difficult to decipher, but I can discern three theories of relief: (1) Dumas's guilty plea to operating a motor vehicle while intoxicated (OWI) is unlawful because he was misled about his ability to participate in a work release program pursuant to the "Huber law," Wis. Stat. § 303.08; (2) Dumas's pending state charge for escape based on failing to return to prison while participating in the Huber program is unlawful because he shouldn't have been deemed to be on probation at that time; and (3) Dumas's social security benefits were improperly suspended.

Because Dumas proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Dumas's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The complaint fails to state a claim for which I could grant relief and has other insurmountable pleading problems. I will dismiss the complaint without leave to amend

because further amendment would be futile, and I will direct the clerk to record a strike under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

To help clarify Dumas's allegations about his state legal proceedings, I will take judicial notice of the docket sheets in Rock County Case Nos. 2023CF750, 2022CF793, and 2020CF769. In February 2023, Dumas pleaded guilty to OWI in the '769 case. Pursuant to the guilty plea, Dumas's other charge in the '769 case and his charges in the '793 case were dismissed but read in at sentencing.

While housed at the Rock County Jail, Dumas was participating in the Huber program. The Huber law "governs work release privileges for Wisconsin county jail inmates." *Domka v. Portage Cnty.*, Wis., 523 F.3d 776, 778 (7th Cir. 2008). Huber prisoners may be permitted to work at regular outside employment during daytime hours. *See Kish v. Milwaukee Cnty.*, 441 F.2d 901, 903 n.10 (7th Cir. 1971).

In July 2023, Dumas was charged with escape "for failure to return to the county jail status while outside the institution as a probationer on work-release status." Dkt. 1 at 11; *see also* docket sheet in the '750 case. That charge is pending in the circuit court.

Dumas alleges that his "condition of probation" had expired before he was charged with escape, apparently because he didn't receive all the presentence and good-time credit that he was entitled to. *See* Dkt. 1 at 11. Dumas also alleges that his social security benefits were terminated, apparently based on an issue with his address and his legal problems.

ANALYSIS

## A.  General pleading problems

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires each allegation in the complaint to "be simple, concise, and direct." Rule 10(b) requires the complaint's allegations to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(d) further provides that if "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

Dumas's complaint doesn't comply with these general pleading rules. The complaint contains disorganized, argumentative, and unclear allegations. The complaint also lacks numbered paragraphs and has claims scattered throughout it. These pleading problems have encumbered my ability to identify the allegations that purport to support Dumas's claims. I must construe Dumas's allegations generously, but I cannot construct his claims for him.

## B.  Specific pleading problems

### 1.  Challenge to pending charge for escape

Dumas contends that his pending charge for escape is unlawful because he was improperly deemed to be on probation when he failed to return to the jail after participating in the Huber program. Dumas seeks both damages and injunctive relief based on this theory.

I begin with the request for damages. A plaintiff cannot bring a claim for damages under 42 U.S.C. § 1983 if the claim would necessarily imply the invalidity of his conviction or sentence, unless he can demonstrate that the conviction or sentence has already been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Dumas hasn't identified any

state judgment of conviction imposing the probation condition, described the condition, or alleged that the judgment or the condition has been invalidated. Dumas simply bases his contention that the probation condition was invalid on the allegation that his presentence and good-time credits were miscalculated by the court. But this allegation, too, implies that his sentence is invalid. I will not allow Dumas to proceed on his claims for damages based on this theory because *Heck* bars them.

Dumas also seeks injunctive relief based on this theory. Dumas doesn't specifically describe the relief that he seeks, but I will infer that he wants me to invalidate the putative judgment or probation condition, or to correct the alleged miscalculation of his sentence by the court. I will not allow Dumas to proceed on this request because this type of relief must be sought, if at all, in a habeas corpus action, not one under 42 U.S.C. § 1983. *See Nance v. Ward*, 597 U.S. 159, 167 (2022) (in defining what claims must be brought in a habeas corpus action, the Supreme Court "has focused on whether a claim challenges the validity of a conviction or sentence"); *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) ("The restrictions that make up probation are considered a type of confinement . . . ."). And I would not allow Dumas to proceed based on any potential failure by a state official to follow the Huber law because that failure wouldn't violate the Constitution. *See Domka*, 523 F.3d at 784.

### 2. Challenge to guilty plea

Dumas contends that his guilty plea to OWI is invalid because he was misled about his ability to participate in a work release program pursuant to the Huber law. I will not allow Dumas to proceed on his claims for damages based on this theory because *Heck* bars them. This theory necessarily implies that Dumas's OWI conviction is invalid, and the docket sheet in the '769 case shows that this conviction hasn't been overturned. *See Holly v. Boudreau*,

4

103 F. App'x 36, 38 (7th Cir. 2004) (*Heck* barred plaintiff's claim that his guilty plea was coerced); *Slaughter v. Rutledge*, No. 17-cv-1463, 2018 WL 1126726, at *6 (C.D. Ill. Mar. 1, 2018) ("Of course, if Slaughter's guilty plea was entered involuntarily, then his conviction would be invalid."). I will not allow Dumas to proceed on his request for injunctive relief based on this theory because, as explained above, he would have to pursue that relief in a habeas corpus action.

I will not allow Dumas to proceed on his damages claims based on this theory for three other reasons. First, any claim for damages against the circuit court judge based on this theory would be barred by judicial immunity. *See Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (a judge enjoys absolute judicial immunity for acts performed in his judicial capacity). Second, any claim for damages against the prosecutor based on this theory would be barred by prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983."). Third, any claim for damages against the public defender who represented Dumas, Michael Murphy, couldn't be pursued because Murphy isn't a state actor under § 1983. *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) ("[A] court-appointed public defender is not a state actor, and thus cannot be sued under . . . § 1983."). Dumas's sweeping and conclusory allegations that various individuals and entities mentioned in the complaint conspired to violate his rights wouldn't change this result. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided.").

### 3.  Challenge to suspension of social security benefits

This challenge has two problems. First, Dumas hasn't alleged that he received a final decision from the Social Security Administration (SSA) denying a request for benefits following their suspension. Second, Dumas improperly joined this claim in this lawsuit under Federal Rule of Civil Procedure Rule 20(a)(2).

Dumas alleges that his social security benefits were terminated, apparently based on an issue with his address and his legal problems. Under 42 U.S.C. § 405(g), federal district courts are without jurisdiction to review complaints for social security benefits absent an allegation that the plaintiff has sought and received a final decision from the Social Security Administration (SSA) denying such benefits. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("[T]he complaint is deficient in that it contains no allegations that [the plaintiffs] have even filed an application with the Secretary, much less that he has rendered any decision, final or otherwise, review of which is sought."); *Johnson v. Sullivan*, 922 F.2d 346, 352 (7th Cir. 1990) ("Under 42 U.S.C. § 405(g), a plaintiff must receive a final decision from the Secretary before seeking judicial review of his claim."). There is no such allegation here. Couching a request for benefits as a constitutional claim doesn't excuse Dumas from this requirement. *See Salfi*, 422 U.S. at 764. I will not allow Dumas to proceed on any claims based on this theory because he hasn't alleged a basis for jurisdiction.

Dumas also improperly joined this claim. A plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. A court may consider whether a plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). Dumas didn't name the SSA as a defendant, but it's the only entity that could provide relief for this claim. Dumas's

bare allegation that his social security benefits were terminated based on an issue with his address and his legal problems doesn't suggest that this claim arises from the same set of events as his challenges to his guilty plea and pending charge for escape. This claim would arise from the actions that the SSA took in connection with the suspension of Dumas's benefits. Dumas would have to pursue this claim in a separate lawsuit after exhausting his remedies with the SSA.

## C.  Lack of personal involvement

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (alteration adopted). To proceed against a party, among other requirements, the party must be named as a defendant in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

Dumas names the following parties as defendants in the complaint's caption: (1) Rock County Municipality et al.; (2) Curt Fell, Rock County Sheriff; and (3) Wisconsin County Mutual Insurance Corporation Intervenor et al. In the context of the complaint, it's implausible that any party was responsible for the deprivations that Dumas alleges. Dumas focuses his allegations on things that transpired in state criminal proceedings, and it's implausible that any of these defendants were personally involved in those events. Dumas refers to other individuals in the complaint's body, but that isn't enough to proceed against any of them.

## D.  Breach of contract

Dumas brings a state-law breach of contract claim. Dumas fails to establish that this court could exercise federal diversity jurisdiction over this claim because he's a Wisconsin citizen and most of the defendants appear to be Wisconsin citizens. When all federal claims

have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I'll follow that practice here and relinquish jurisdiction over Dumas's breach of contract claim without evaluating its merits.

## E. Conclusion

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal without leave to amend is appropriate because my analysis shows that further amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013). I will also direct the clerk of court to record a strike under 28 U.S.C. § 1915(g). *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *Faust v. Parke*, 114 F.3d 1191, at *3 (7th Cir. 1997) (counting dismissal as strike where all federal claims were dismissed and where court declined to retain jurisdiction over state-law claim).

ORDER

IT IS ORDERED that:

1.  Plaintiff Olton Lee Dumas's complaint, Dkt. 1, is DISMISSED without leave to amend.

2.  The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

Entered January 8, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge